## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **GLORIA MARIE CHEESE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **WALMART, INC., AMIGO** | ) | |
| **MOBILITY INTERNATOINAL,** | ) | |
| **INC., FICTITIOUS PARTY** | ) | **Case is being removed from** |
| **DEFENDANTS A, B, C, THOSE** | ) | **the Circuit Court of Mobile County,** |
| **PERSONS OR ENTITIES WHO** | ) | **Alabama, 02-CV-2025-901618** |
| **ARE UNKNOWN TO THE** | ) | |
| **PLAINTIFF WHO MAY BE AN** | ) | |
| **INTERESTED PARTY** | ) | |
| **DEFENDANT** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant Amigo Mobility International, Inc. ("Amigo") hereby presents this

Notice of Removal, inadvertently filed yesterday, April 8, 2026, in the United States

District Court for the Northern District of Alabama, Southern Division. (*Please see*

Civil Cover Sheet, attached as Exhibit A). Defendant respectfully shows unto this

Honorable Court as follows:

## INTRODUCTION

This case arises out of an incident at the Walmart Supercenter located at 5245 Rangeline Service Road in Mobile, Alabama on December 15, 2023, wherein the Plaintiff was allegedly thrown from a motorized cart provided by Defendant Walmart, Inc. ("Walmart") and manufactured by Amigo. Plaintiff Gloria Cheese ("Plaintiff") claims that she was severely and permanently injured as a result of this accident. Her original Compliant against Walmart, filed in Mobile County Circuit Court, sought damages in the amount of $1,000,000. Plaintiff filed her Amended Complaint, adding Amigo, and the case is now pending against two diverse corporate defendants. Amigo removes this case to the United States District Court for the Southern District of Alabama, Northern Division.

## BACKGROUND

1.     Plaintiff filed her original Complaint *pro se* in the Circuit Court of Mobile County, Alabama on June 24, 2025 against Walmart, alleging negligence and seeking "one million dollars cash for physical and emotional damage and monetary expenses." The case was assigned case number 02-CV-2025-901618.

2.     On November 7, 2025, Plaintiff filed an Amended Complaint, submitted by counsel, adding Amigo as a party Defendant. Plaintiff described both Walmart and Amigo as foreign corporations. Her causes of action included Negligence and Wantonness against Walmart and Product Liability and Failure to Warn against

Amigo. Plaintiff's Prayer for Relief in her Amended Complaint did not list a specific sum, but rather requested judgment against Walmart and Amigo, jointly and severally, for compensatory and punitive damages, in addition to costs, interest and attorney's fees as allowed by law, and any such other and further relief as the Court deems just and proper.

3.     Amigo was served with the Amended Complaint on March 9, 2026. Accordingly, this Notice of Removal was filed within thirty (30) days of the date of service of the Summons and Complaint. This Notice of Removal, therefore, has been filed within the time allowed by law under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); FED. R. CIV. P. 6(a).

4.     Pursuant to 28 U.S.C. § 1446(d), Amigo is filing a "filed" stamped copy of this Notice with the Clerk of the Circuit Court of Mobile County, Alabama through the court's electronic filing system and providing written notice to all parties.

5.     An entire copy of the state court file as it exists on today's date, including all process, pleadings, and orders, is attached hereto as Exhibit B.

6.     Co-Defendant Walmart, Inc.'s Consent to Removal is attached hereto as Exhibit C.

7.    This action is properly removable to this Court under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state action is pending.

## DIVERSITY JURISDICTION

8.    This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

9.    To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different states." 28 U.S.C. § 1332(a)(1).

### I.    Complete Diversity

10.    Plaintiff is an adult resident of the State of Alabama and a citizen of Alabama for diversity jurisdiction purposes. (*See* Complaint, Amended Complaint).

11.    In her Amended Complaint, Plaintiff identifies both Defendants as foreign corporations.

12.    Amigo is incorporated in Michigan with a principal place of business in Michigan, conducting business in Alabama.

13.    Walmart is a publicly traded company incorporated in Delaware, maintaining its principal place of business in Arkansas.

14.    Because the only three parties to this case are citizens of different states, there is complete diversity of citizenship.

## II.    Amount in Controversy Exceeds $75,000

15.    In her original Complaint, Plaintiff sought damages in the amount of $1,000,000. Amigo acknowledges that Plaintiff's Amended Complaint does not state a specific amount of damages. However, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415–16 (M.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon its claim. *See Steele*, 649 F. Supp. at 1415–16; *see also White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994).

16.    Under §1446(b)(3), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists."

17.    In the Amended Complaint served upon Amigo, Plaintiff asserts that she suffered the following damages as a result of the Defendants' actions and omissions: (a) severe and permanent physical injuries; (b) past and future medical expenses; (c)

pain, suffering, and emotional distress; (d) loss of mobility, independence and enjoyment of life; and (e) other compensatory and punitive damages as allowed by law. While this list of claimed damages suggests a considerable sum in controversy, the amended pleading is not the only document the Defendant may consider.

18.    28 U.S.C. § 1446(c)(3)(A) provides that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." Accordingly, Amigo references Plaintiff's responses to Co-Defendant Walmart's first interrogatories for additional context regarding the amount in controversy in this case. Within these responses, written by hand, the Plaintiff described that she was unable to get up on her own following the incident and, further, that she has been unable to walk and confined to a lift chair since that date. (Exhibit D).

19.    In the Plaintiff's responses to Walmart's request for production, she noted her medical records and bills were to be hand-delivered to Emily, a paralegal at Walmart counsel's office. The medical bills produced by the Plaintiff included charges totaling $71,963.90. (Exhibit E). Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943); *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). The threshold of $75,000 is nearly reached by

the Plaintiff's submitted medical bills alone and without regard to the other compensatory damages, such as pain and suffering and loss of enjoyment, or punitive damages.

### CONCLUSION

20.     Based on the foregoing, this action is one over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, this action is removable under 28 U.S.C. § 1441, *et seq.*, and Amigo has timely removed this action to this Court.

21.     Amigo does not, by virtue of filing this Notice of Removal, waive any defenses or objections available to it under the law.

WHEREFORE, ALL PREMISES CONSIDERED, Amigo removes this action from the Circuit Court of Mobile County, Alabama to this Honorable Court this the 8th day of April, 2026.

Respectfully submitted,

*/s/ William F. Smith, II*
William F. Smith, II (asb-2003-h63w)
Chelsey M. Edgerly (asb-9127-155m)
Attorneys for Defendant
Amigo Mobility International, Inc.

**OF COUNSEL:**
VERNIS & BOWLING OF BIRMINGHAM, LLC
2021 3rd Avenue North
2nd Floor

Birmingham, AL  35203
Telephone:  (205) 445-1026
Facsimile:   (205) 445-1036
Email:  wsmith@law-alabama.com
         cedgerly@law-alabama.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9th, 2026, the following document has been served on all parties of record via the CM/ECF System and/or by U.S. Mail as follows:

LUE E. SULLIVAN, SR.
EUCELLIS Z. SULLIVAN
555-A Iroquois Street
Chickasaw, Alabama 36611
Telephone: (251) 268-9292
Email: sullivanlue79@gmail.com

Mignon M. Delashmet
Carter R. Hale
DELASHMET & ASSOCIATES, LLC
Post Office Box 2047
Mobile, Alabama 36652
Telephone: (251) 433-1577
Emails:  mmd@delmar-law.com
          ccm@delmar-law.com

/s/ William F. Smith, II
Of Counsel

8